IN THE MATTER OF THE CONVICTION AND JUDGMENT AGAINST ALFRED A. HOLT FOR CONTEMPT OF COURT.

The defendant was charged with libeling the court through a newspaper publication. The court, acting on its own knowledge, and without proof of any kind, issued an attachment against the defendant, and still without proof convicted and fined him. The conviction set aside.

On appeal from conviction for contempt.

Argued at February Term, 1893, before BEASLEY, CHIEF JUSTICE, and Justices DIXON, REED and MAGIE.

For the appellant, *David J. Pancoast.*

The opinion of the court was delivered by

BEASLEY, CHIEF JUSTICE. This is a conviction by the General Quarter Sessions of the Peace of the county of Camden, for a contempt of court.

The imputed offence consisted of an article said to have been published in a newspaper called the "Camden Echo," calling in question the impartiality of the court in the trial of a certain indictment.

On this occasion we have no concern with any part of the transaction except such as relates to the course of procedure that was adopted. This was of the simplest kind possible. An attachment was issued, resting on no legal basis whatever, for there was no affidavit or other proof. The court acted *ex mero motu*, assuming as a part of its judicial knowledge that the abusive article existed in point of fact; that it had been published in a certain newspaper and that the defendant was responsible in some way for the existence of the libel or for its dissemination. Such a step was altogether abnormal and illegal.

Nor did the procedure improve as it progressed.

The defendant, upon being taken into custody, gave bail, and in due course appeared before the court, and through his counsel moved to set aside the attachment and all proceedings founded upon it, on the ground "that the same was issued without any legal evidence or proof of the facts therein recited." This motion was overruled, and the court, without proof and again of its own motion, proceeded at once to judgment, laying a fine of $1,000 and costs on the defendant, and directing his imprisonment until the payment of such moneys. Thus, from first to last the members of the court were the

accusers, witnesses and judges; they took no testimony but convicted the defendant from their own intuitive knowledge.

It is not necessary to say that such a course has not, in any respect whatever, the least semblance of a proceeding in a court of law. The arrest and conviction were altogether arbitrary and illegal.

Let the conviction be set aside.