### IN RE HOWARD M. HAINES FOR CONTEMPT.

Submitted November 16, 1901—Decided February 24, 1902.

1. Compulsory process should be used with discretion, and never be used unless it is apparent that ordinary methods will be inefficacious.
2. The proper procedure for proceedings to adjudge one in contempt is to grant a rule to show cause on affidavits or proof in open court of facts which justify the rule.
3. Upon the hearing on the rule, the accused cannot be required to be a witness to establish his own guilt. He may be a witness in his own defence.
4. The proceedings in this case were illegal for the following reasons: (*a*) The subpœna itself was not good. (*b*) If it had been good, it was not properly served. (*c*) No affidavit of how it had been served was made before the bench warrant issued for the appellant's arrest. (*d*) The appellant was not proven, on the contempt proceeding, to have been guilty of contempt by any witness, but was compelled to go upon the stand to purge himself of contempt before proof thereof.
5. The rule stated by Chief Justice Beasley in *Holt's Case*, 26 *Vroom* 384, applies to the case before us and is followed here.

---

On appeal from an order of the Camden County Quarter Sessions adjudging the defendant in contempt.

Before Justices VAN SYCKEL, FORT and GARRETSON.

For the appellant, *John W. Wescott* and *Francis D. Weaver.*

For the state, *Frank T. Lloyd,* prosecutor of the pleas.

The opinion of the court was delivered by

FORT, J. The order in this case adjudging the defendant in contempt must be set aside for several reasons.

*First.* The subpœna itself is not good. It commands the defendant to appear at the court house in Camden, on November 13th, 1900, "to give evidence in a certain indictment therein pending, and not depart the court without leave." The subpœna should recite in what case it is issued. The terms employed should be "between the State of New Jersey and ———— (naming the defendant) under indictment for ———— (stating the crime)," and, if a state subpœna upon which a witness is required to appear without fee first paid, should recite that the witness is subpœnaed "to give evidence on the part of the state."

The appellant says he thought he was not required to attend unless his witness fee was paid. Under the subpœna in this case he was not advised whether he was called to testify for the state or the defendant in the indictment. If for the former, he was not entitled to payment of fees with the service of the writ; if for the latter, he was.

*Second.* The subpœna, if it had been good, was not proven to have been properly served. There was no proof in the case that the subpœna was shown to the wife of the appellant and read to her at the time the ticket was left with her. The appellant was not personally served. All he knew was what his wife told him.

*Third.* No affidavit was made of the manner of the service of the writ, or of the failure of the appellant to appear, before the court issued a bench warrant to bring him into court, under arrest, for failure to appear in pursuance of the command of the subpœna. There is no power in the Court of Quarter Sessions to take a witness, alleged to have failed to obey a subpœna, into custody upon a mere verbal statement in open court that he has been served and has failed to appear.

The court has no power to issue a *capias* in such a case except upon proof in open court or by affidavit duly filed. Then it is questionable whether the court should do more than make a rule to show cause in the first instance. Compulsory process should be used with discretion, and never be used unless it is apparent that ordinary methods will be inefficacious.

*Fourth.* At the hearing, upon which the appellant was adjudged in contempt, he was required to go upon the stand and convict himself before a particle of testimony was put in the case proving that he was in contempt. No person should be required to purge himself of contempt, except for contempts in the presence of the court and affecting its dignity, prior to the legal proof of his guilt. The defendant cannot be required to give such proof against himself.

There are other objections in the record, but these are sufficient. The observations of Chief Justice Beasley in Holt's case aptly apply to the one before us and sustain the decision here given. *Holt's Case,* 26 *Vroom* 384.

The order adjudging the defendant in contempt, and all the proceedings leading up thereto were arbitrary and illegal and the conviction is set aside, without costs.